## H. W. ROKKER

*v.*

## THE STATE OF ILLINOIS.

*Opinion filed February 9, 1897.*

1. CONSTITUTIONAL LAW—*General Assembly not to authorize payment of claims made without express authority of law.* Under Sec. 19. Art. 4. of the Constitution of 1870, the General Assembly cannot grant or authorize extra compensation, fee or allowance to any public officer, agent, servant or contractor, after service has been rendered or a contract made, nor authorize the payment of any claim, or part thereof, hereafter created against the State under any agreement or contract made without express authority of law; and all such unauthorized agreements or contracts shall be null and void.

2. SAME—*contracts to be let to lowest responsible bidder.* Under Sec. 25 of Art. 4 of the Constitution, "The General Assembly shall provide by law, that the fuel, stationery, and printing paper furnished for the use of the State; the copying, printing, binding and distributing the laws and journals, and all other printing ordered by the General Assembly, shall be let by contract to the lowest responsible bidder."

3. SAME—*Commissioners of State contracts.* The Attorney General, Secretary of State, the State Treasurer, and the Auditor of Public Accounts are created Commissioners of State Contracts by chapter 127 R. S. The same chapter provides that the printing for the State shall be let by contract to the lowest bidder; that the

Commissioners of State Contracts shall advertise for bids; that the bids shall be opened and contracts awarded; that Commissioners shall have authority to cancel contracts when in their opinion contracts were obtained by fraud, conspiracy, or any unlawful means.

4. STATE CONTRACTS—*when State will not be liable on a quantum meruit.* When the provisions of the Constitution make all contracts entered into by the State without express authority of law null and void, the State having entered into such contract cannot be held liable on a *quantum meruit.*

5. STATUTE OF LIMITATIONS—*Equity follows the law.* Equity follows the law in the application of the statute of limitations, and where a claim for work done is not filed within five years next after the work was performed it is barred by the statute of limitations.

This is a claim against the State for a balance alleged to be due claimant for printing done for the State between October 1, 1886 and July 1, 1887.

It is set forth in the statement of claim, that in pursuance of a notice published, the firm of H. W. Rokker & Co., filed bids for doing the printing for the State for two years from October 1, 1886; that contracts were awarded to said firm, and entered into between said firm and the Commissioners of State Contracts on behalf of the State for said work; and that in pursuance of said contracts, printing was done for the State from October, 1886, to May 7, 1887; that on the last named date, said firm was notified that no further payments would be made on said contracts, and that thenceforth, they would be considered and treated as of no further validity; that upon receiving such notice, said firm stopped work, and on May 17, 1887, the Secretary of State notified claimant to proceed with the unfinished work then on hand and he should be paid for it at the rates specified in the original contracts; that the work was finished and delivered to the Secretary of State. Afterwards the Secretary of State gave numerous orders in writing for work to be paid for at the rates named in said contracts which the claimant performed and delivered to the Secretary of State; that up to the time the Commissioners of State Contracts concelled the said contracts, work amounting to the sum of $32,722.11 had been performed, upon which had been paid the sum of $24,000.00, leav-

ing unpaid $8,722.11; that subsequently claimant performed work amounting to the sum of $9,385.16, upon which was paid $4,497.47, leaving a balance of $4,887.47, making due claimant in the aggregate $13,609.58 and interest; that the other members of the firm of H. W. Rokker assigned their interests in said contracts to the said claimant, H. W. Rokker.

The Attorney General, on behalf of the State, filed a denial of the claim, a plea of statute of limitations and two pleas of fraud, etc. It is conceded on the part of claimant's attorney that the said contracts could not be defended which relieves us of the necessity of considering the question of their validity. The next question for our consideration, is, was there any other contract made with H. W. Rokker & Co., or the claimant for the printing done after said contracts with Rokker & Co., had been canceled on behalf of the State, by any officer or person having authority to bind the State?

Section 19, Article 4 of the Constitution of 1870, provides that "The General Assembly shall never grant or authorize extra compensation fee or allowance to any public officer, agent, servant or contractor, after service has been rendered or a contract made, *nor authorize the payment of any claim, or part thereof, hereafter created against the State under any agreement or contract made without express authority of law; and all such unauthorized agreements or contracts shall be null and void."*

Section 25 of same article provides that, "The General Assembly shall provide by law, that the fuel, stationary, and printing paper furnished for the use of the State; the copying, printing, binding and distributing of the laws and journals, and all other printing ordered by the General Assembly, shall be let by contract to the lowest responsible bidder." Chapter 127, Revised Statutes, provides that the Attorney General, Secretary of State, the State Treasurer, and the Auditor of Public Accounts, shall be Commissioners of State Con-

tracts; that the printing for the State shall be let by contract to the lowest bidder; that the Commissioners of State Contracts shall advertise for bids; that bids shall be opened and contracts awarded; that the Commissioners shall have authority to cancel contracts when in their opinion contracts were obtained by fraud, conspiracy, or any unlawful means. We have been unable to find any express authority conferred by law upon any officer or person, other than the Commissioners of State Contracts, to contract or bind the State in respect to the matters for which claimant seeks an award in this proceeding.

Claimant seeks to recover in this case upon the theory that the Secretary of State made a contract with him for the work and agreed to pay him at the rates specified in the original contracts. By what authority does the Secretary of State assume to make contracts of this kind? There is no such authority to be found in Chapter 127, or in any other place in the statute, that we have been able to discover, and in the absence of such authority, any contract by the Secretary of State would be null and void by the provisions of the constitution.

Claimant further insists, that in the absence of authority in the Secretary of State to bind the State by express contract the State would be liable on a *quantum meruit*. The law might imply a contract on the part of the State, to pay what the work was reasonably worth, in some cases, but in view of the provisions of the constitution, providing that such contracts should be let to the lowest bidder, and making all contracts made without express authority of law null and void, and prohibiting the General Assembly from providing for payment of any claim arising out of any such contract, we do not think that position tenable. If a contract could be implied against the State from the acts or doings of any of the officers of the State, the objects intended to be accomplished by the framers of the constitution would be defeated. But if the law did imply a contract on part of the State, more than five years having elapsed

between the performing the last of the work and the presenting of this claim to this Commission we think the claimant would be barred by the statute of limitations. Although this proceeding should be governed by the board rules of equity, as insisted by claimant's counsel, still equity follows the law in the application of the statute of limitations, and there is nothing in the statement of claim or disclosed by the evidence which can be considered a sufficient excuse for not having filed this claim within five years next after the work was performed.

The claim is disallowed.